# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF OHIO

## EASTERN DIVISION

| | | |
|---|---|---|
| TSDC, LLC<br>An Ohio<br>limited liability company | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Sandy Ellis dba<br>Fight Like A Girl Club<br>An Ohio company | ) | |
| | ) | Civil Action No. _____ |
| and | ) | |
| | ) | Judge _____ |
| Sandy Ellis<br>An Ohio resident | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Fight Like A Girl Clique<br>A California company<br>c/o Christina S. Loza<br>Loza & Loza, LLP<br>305 North Second Avenue #127<br>Upland, CA 91786-6064<br>Attorney for Defendant | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Anne Martel<br>dba Fight Like A Girl Clique<br>A California company | ) | |
| | ) | |
| and | ) | |

Fight Like A Girl Advocates )
A California company )
)
    and )
)
Anne Martel )
dba Fight Like A Girl Advocates )
A California company )
)
    and )
)
Fight Like A Girl Advocates Clique )
A California company )
)
    and )
)
Anne Martel )
dba )
Fight Like A Girl Advocates Clique )
A California company )
)
    and )
)
Anne Martel )
A California resident )
)
    and )
)
John/Jane Doe(s) 1-10 )
)
    Defendants. )

**COMPLAINT**

**JURY TRIAL REQUESTED**

# NATURE OF COMPLAINT

1.  This is an action for infringement of federally unregistered trademarks under 15 U.S.C. §1125(a), (Section 43(a) of the Lanham Act)(which extends protection to unregistered trademarks); false designation of origin and unfair competition under 15 U.S.C. §1125(a), (Section 43(a) of the Lanham Act); common law trademark infringement; federal copyright infringement under 17 U.S.C. §501; federal unfair competition (likelihood of confusion); federal unfair competition (false or misleading representations); common law unfair competition and passing off; unfair competition under Ohio law; deceptive trade practices under Ohio law; and unjust enrichment.

# THE PARTIES

2.  TSDC, LLC (hereinafter referred to as "TSDC") is a limited liability company, organized under the laws of the State of Ohio, and having a principal place of business at P.O. Box 45034, Cleveland, Ohio 44145.

3.  Sandy Ellis dba Fight Like A Girl Club (hereinafter referred to as "FLAGC") is a company with its principal place of business located in the State of Ohio.

4.  Sandy Ellis (hereinafter referred to as "ELLIS") is a sole proprietor with her business located in the State of Ohio.

5.  Upon information and belief, Defendant Fight Like A Girl Clique (hereinafter referred to as "CLIQUE") is a company with its principal place of business located in the State of California.

6.      Upon information and belief, Defendant Anne Martel dba Fight Like A Girl Clique (hereinafter referred to as "MARTEL dba CLIQUE") is a company with its principal place of business in the State of California.

7.      Upon information and belief, Defendant Fight Like A Girl Advocates (hereinafter referred to as "ADVOCATES") is a company with its principal place of business located in the State of California.

8.      Upon information and belief, Defendant Anne Martel dba Fight Like A Girl Advocates (hereinafter referred to as "MARTEL dba ADVOCATES") is a company with its principal place of business in the State of California.

9.      Upon information and belief, Defendant Fight Like A Girl Advocates Clique (hereinafter referred to as " ADVOCATES CLIQUE") is a company with its principal place of business located in the State of California.

10.     Upon information and belief, Defendant Anne Martel dba Fight Like A Girl Advocates Clique (hereinafter referred to as "MARTEL dba ADVOCATES CLIQUE") is a company with its principal place of business in the State of California.

11.     Upon information and belief, Defendant Anne Martel (hereinafter referred to as "MARTEL") is a sole proprietor with her residence located in the State of California.

12.     At least a portion of the business of Defendants includes providing wearing apparel and other products associated with cancer and disease awareness.

13.     At least a portion of the business of Defendants includes providing services for facilitating the interaction between those who suffer or are affected by ailments and life-threatening diseases.

14.    In connection with their businesses, Defendants operate internet web sites at the following domain names or addresses:

- http://www.fightlikeagirlclique.com
- http://www.facebook.com/#!/pages/Fight-Like-a-Girl-Advocates/123518134363387?ref=ts
- http://www.zazzle.com/fightlikeagirlclique
- http://www.fightlikeagirlgiftshop.com
- http://www.fightlikeagirlcancershirts.com
- http://www.fightlikeagirldiseaseshirts.com
- http://www.cancerapparelgifts.com

15.    Defendants promote the sale of their wearing apparel, other products and services for organizing and providing a forum for the interaction between people regarding the fight against cancer and disease on the aforementioned internet web sites.

16.    Defendants' web sites include pages having depictions of, and/or text related to clothing, products and services being sold and provided by Defendants in connection with the marks FIGHT LIKE A GIRL CLIQUE, FIGHT LIKE A GIRL ADVOCATES and FIGHT LIKE A GIRL ADVOCATES CLIQUE.

17.    In connection with their businesses, Defendants promote the sales of their wearing apparel, other products and services for organizing and providing a forum for the interaction between people regarding the fight against cancer and disease through advertising, promotional literature, and/or text related to these products and services, such

as on the internet in which these goods and services are distributed and available for purchase.

18.     Upon information and belief, Defendant MARTEL is doing business in the State of Ohio through Defendants CLIQUE, ADVOCATES and ADVOCATES CLIQUE.

## JURISDICTION AND VENUE

19.     This Court has federal question subject matter jurisdiction under 15 U.S.C. §1121, 17 U.S.C. §101 and 28 U.S.C. §1338, and supplemental jurisdiction over the common law claims under 28 U.S.C. §§1338(b) and 1367.

20.     Venue is proper in this Court under: 28 U.S.C. §§1391 (b)(2), as substantial parts of events giving rise to this action arose in this district and a substantial part of property that is the subject of this action is situated; and 28 U.S.C. §1391(c) as presumed corporate Defendants are subject to personal jurisdiction in this district and are, therefore, deemed to reside in this district.

## FACTS

21.     Plaintiffs ELLIS, TSDC and FLAGC are engaged in the business, inter alia, of designing, manufacturing, and selling clothing and jewelry associated with cancer and disease awareness, and providing services for organizing and providing a forum for the interaction between those who suffer or are affected by ailments and life-threatening diseases.

22.     Plaintiff ELLIS registered the domain name http://www.thefightlikeagirlclub.com on April 15, 2010, for which she is the owner.

23.    Plaintiff TSDC is the owner of the following federal trademark applications:

- United States Trademark Serial No. 85/082,681 for the trademark **FIGHT LIKE A GIRL CLUB**

- United States Trademark Serial No. 85/022,163 for the trademark **FIGHT LIKE A GIRL CLUB – CLAIM YOUR POWER**.

24.    Plaintiffs' originally created "Fight Like A Girl Club" web site was activated at least as early as May 12, 2010, and was accessible and available to on-line users on same date.

25.    Plaintiff TSDC's trademarks have dates of first use in commerce of at least as early as May 12, 2010.

26.    Plaintiff FLAGC is the owner of the following federal copyright applications:

- Copyright Claim Identification No. 1-7VLNGT and Case No. 1-476341502 for **Facebook Graphics**;

- Copyright Claim Identification No. 1-7VLNFE and Case No. 1-476341451 for **Facebook Text**;

- Copyright Claim Identification No. 1-7VGP0I and Case No. 1-476110127 for **Website Graphics**; and

- Copyright Claim Identification No. 1-7VBQZJ and Case No. 1-475879474 for **Website Text.**

27.     Plaintiffs' originally created "Fight Like A Girl Club" Facebook page was activated at least as early as June 4, 2010, and was accessible and available to on-line users on same date.

28.     Plaintiffs' initiated Facebook advertising in connection with their originally created "Fight Like A Girl Club" Facebook page on June 18, 2010, and such advertising was accessible and available to on-line users on same date.

29.     Plaintiffs ELLIS, TSDC and FLAGC have expended substantial resources in designing, promoting, manufacturing and selling its products and services, and built a valuable business based on demand for their distinctively-styled, personalized, quality goods and services.  Plaintiffs ELLIS, TSDC and FLAGC have become identified in the minds of the public as the providers of the same.

30.     Defendants have regularly viewed and accessed Plaintiffs' Facebook page and web site.

31.     Defendants have regularly viewed and accessed samples of Plaintiffs' goods and services offered on Plaintiffs' Facebook page and web site.

32.     Defendants obtained a URL address for www.fightlikeagirlclique.com on or about June 22, 2010 and established the "Fight Like a Girl Clique" web site shortly thereafter.

33.     Defendants established the "Fight Like a Girl Clique" Facebook page on or about June 22, 2010.

34.     Defendants' initially indicated that the founding date of their Facebook page was 2010, but later erroneously changed it to 2009.

35.     On or about June 22, 2010, Defendants caused to be manufactured and offered for sale to the public products and services which are not only substantially similar, but are strikingly similar to Plaintiffs'.

36.     On or about June 22, 2010, Defendants sold products promoted by their on-line services to numerous purchasers, including several Ohio residents, in which the sales were made over the internet through Defendants' web sites and/or Facebook pages.

37.     The products Defendants sold were promoted on web sites that infringed Plaintiffs' copyrighted works and trademarks.

38.     At no time did Plaintiffs authorize Defendants to manufacture, advertise, offer for sale or sell the products and services which are substantially similar and/or strikingly similar to Plaintiffs'

39.     Shortly after Plaintiffs displayed their web site graphics and text, Defendants would alter their web sites in a substantially, if not strikingly, similar manner.

40.     Defendants' web site alterations were done in violation of Plaintiffs' copyrighted works and trademarks.

41.     On August 27, 2010, counsel for ELLIS and TSDC sent correspondence to Facebook, Inc. ("Facebook"), pursuant to the Digital Millennium Copyright Act (DMCA) of 1996, requesting that Defendants' FIGHT LIKE A CLIQUE page be taken-down in violation of copyright and trademark infringement. Less than two hours later, Facebook complied and inactivated the page located at http://www.facebook.com/#!/pages/Fight-Like-a-Girl-Clique/117628774948777?ref=ts.

42.     On or about August 28, 2010, Defendants created a new and separately infringing "Fight Like a Girl Advocates" Facebook page located at the following URL address:

http://www.facebook.com/#!/pages/Fight-Like-a-Girl-Advocates/123518134363387?ref=ts

43.     On or about August 28, 2010, Defendants renamed their previous "Fight Like a Girl Advocates" web site "Fight Like a Girl Advocates Clique."

44.     Defendants' current "Fight Like a Girl Advocates Clique" Facebook page and "Fight Like a Girl Advocates Clique" web site are presently active and accessible to the public.

45.     Defendants' current web sites violate Plaintiffs' copyrighted works and trademarks.

46.     Defendants' following web sites, accessible to the public through the infringing "Fight Like a Girl Advocates Clique" Facebook page and "Fight Like a Girl Advocates Clique" web site, are also currently active:

- http://www.fightlikeagirlgiftshop.com
- http://www.fightlikeagirlcancershirts.com
- http://www.fightlikeagirldiseaseshirts.com
- http://www.cancerapparelgifts.com

47.     On or about September 13, 2010, Defendants contacted Facebook to have Plaintiffs' "Fight Like a Girl Club" Facebook page inactivated and/or taken down.

48.     On or about September 13, 2010, Plaintiffs' Facebook page was inactivated and/or taken down.

49.     There is no valid reason for Plaintiffs' Facebook page to have been inactivated and/or taken down.

50.     Plaintiffs' have suffered, or are likely to suffer, irreparable harm, great damage to their business reputation, goodwill, sales and profits as a result of Plaintiffs' Facebook page having been inactivated and/or taken down.

## COUNT I - INFRINGEMENT OF UNREGISTERED TRADEMARKS UNDER THE LANHAM ACT

51.     Plaintiff TSDC repeats its allegations set forth in Paragraphs 1 through 50 as if fully rewritten.

52.     Plaintiff TSDC is the owner of the trademark applications for FIGHT LIKE A GIRL CLUB (United States Trademark Serial No. 85/082,681) and FIGHT LIKE A GIRL CLUB – CLAIM YOUR POWER (United States Trademark Serial No. 85/022,163), based upon dates of first use and first use in interstate commerce on at least as early as May 12, 2010.

53.     Plaintiff TSDC has continually and extensively used its trademarks FIGHT LIKE A GIRL CLUB and FIGHT LIKE A GIRL CLUB – CLAIM YOUR POWER from their dates of first use and first use in interstate commerce in its advertisement and promotion of sales of its clothing and jewelry, and services for organizing and providing a forum for the interaction between those who suffer or are affected by ailments and life-threatening diseases within its trades (cancer and disease awareness goods and services) and geographic area (the United States).

54.     Plaintiff TSDC has experienced significant sales success as to the goods and services in connection with which it uses its trademarks FIGHT LIKE A GIRL CLUB and FIGHT LIKE A GIRL CLUB – CLAIM YOUR POWER.

55.     Because of Plaintiff TSDC's continual and extensive use of its marks, Plaintiff TSDC's trademarks FIGHT LIKE A GIRL CLUB and FIGHT LIKE A GIRL CLUB – CLAIM YOUR POWER are strong marks.

56.     Defendants are using the trademarks FIGHT LIKE A GIRL CLIQUE, FIGHT LIKE A GIRL ADVOCATES and FIGHT LIKE A GIRL ADVOACTES CLIQUE in connection with their sale of clothing and apparel products related to cancer awareness, and services for providing a forum for the interaction between people regarding the fight against cancer and various life-threatening diseases.

57.     Defendants' use of the marks FIGHT LIKE A GIRL CLIQUE, FIGHT LIKE A GIRL ADVOCATES and FIGHT LIKE A GIRL ADVOCATES CLIQUE  is without the consent of Plaintiff TSDC.

58.     The overall impression of Defendants' marks FIGHT LIKE A GIRL CLIQUE, FIGHT LIKE A GIRL ADVOCATES and FIGHT LIKE A GIRL ADVOCATES CLIQUE is similar to that created by Plaintiff TSDC's trademarks FIGHT LIKE A GIRL CLUB and FIGHT LIKE A GIRL CLUB – CLAIM YOUR POWER.

59.     The words FIGHT LIKE A GIRL CLIQUE, FIGHT LIKE A GIRL ADVOCATES and FIGHT LIKE A GIRL ADVOCATES CLIQUE are colorable imitations of Plaintiff TSDC's applied-for trademarks FIGHT LIKE A GIRL CLUB and FIGHT LIKE A GIRL CLUB – CLAIM YOUR POWER.

60.     Defendants are using the marks FIGHT LIKE A GIRL CLIQUE, FIGHT LIKE A GIRL ADVOCATES and FIGHT LIKE A GIRL ADVOCATES CLIQUE in connection with their sale of substantially the same goods and services in the same trade and geographic area, and through the same marketing channels as Plaintiff TSDC.

61.     Upon information and belief, Defendants' use of the marks FIGHT LIKE A GIRL CLIQUE, FIGHT LIKE A GIRL ADVOCATES and FIGHT LIKE A GIRL ADVOCATES CLIQUE is with knowledge of Plaintiff TSDC's rights in and to the marks FIGHT LIKE A GIRL CLUB and FIGHT LIKE A GIRL CLUB – CLAIM YOUR POWER.

62.     Defendants' use of the marks FIGHT LIKE A GIRL CLIQUE, FIGHT LIKE A GIRL ADVOCATES and FIGHT LIKE A GIRL ADVOCATES CLIQUE has led to actual confusion.

63.     Defendants have been and are using the marks FIGHT LIKE A GIRL CLIQUE, FIGHT LIKE A GIRL ADVOCATES and FIGHT LIKE A GIRL ADVOCATES CLIQUE in a manner which is causing or is highly likely to cause confusion among ordinary purchasers as to the source or origin of the goods and services of Defendants.

64.     Defendants use of the marks FIGHT LIKE A GIRL CLIQUE, FIGHT LIKE A GIRL ADVOCATES and FIGHT LIKE A GIRL ADVOCATES CLIQUE is in direct violation of 15 U.S.C. §1125(a) (Section 43(a) of the Lanham Act).

## COUNT II - FEDERAL UNFAIR COMPETITION--LIKELIHOOD OF CONFUSION

65. Plaintiff TSDC repeats its allegations set forth in Paragraphs 1 through 64 as if fully rewritten.

66. Plaintiff TSDC is the owner of the trademarks FIGHT LIKE A GIRL CLUB and FIGHT LIKE A GIRL CLUB – CLAIM YOUR POWER, which have been applied for in the United States Patent and Trademark Office, (Registration Nos. 85/082,681 and 85/022,163 respectively) for its clothing and jewelry products, and services for organizing and providing a forum for the interaction between those who suffer or are affected by ailments and life-threatening diseases.

67. Upon information and belief, Defendants have adopted the marks FIGHT LIKE A GIRL CLIQUE, FIGHT LIKE A GIRL ADVOCATES and FIGHT LIKE A GIRL ADVOCATES CLIQUE to identify their clothing and apparel products, and services for providing a forum between people regarding the fight against cancer and various life-threatening diseases with the same goods and services sold and provided by Plaintiff TSDC under Plaintiff's marks FIGHT LIKE A GIRL CLUB and FIGHT LIKE A GIRL CLUB – CLAIM YOUR POWER.

68. Defendants are using the marks FIGHT LIKE A GIRL CLIQUE, FIGHT LIKE A GIRL ADVOCATES and FIGHT LIKE A GIRL ADVOCATES CLIQUE in a manner which is causing or is likely to cause confusion, mistake or to deceive ordinary purchasers as to the source or origin of the goods and services of Defendants, sponsorship of their goods and services by Plaintiff TSDC, or their affiliation with Plaintiff TSDC in violation of 15 U.S.C. §1125(a)(1)(Section 43(a) of the Lanham Act).

## COUNT III - COMMON LAW TRADEMARK INFRINGEMENT

69.     Plaintiff TSDC repeats its allegations set forth in Paragraphs 1 through 68 as if fully rewritten.

70.     Defendants' use of the marks FIGHT LIKE A GIRL CLIQUE, FIGHT LIKE A GIRL ADVOCATES and FIGHT LIKE A GIRL ADVOCATES CLIQUE in conjunction with their advertising and promotional activities as set forth above is likely to cause and has caused confusion in the purchasing public as to the source of origin of the goods and services or sponsorship of Defendants' goods and services by Plaintiff TSDC in violation of the common law of trademark infringement.

## COUNT IV – FEDERAL COPYRIGHT INFRINGEMENT

71.     Plaintiffs ELLIS, TSDC and FLAGC repeat their allegations set forth in Paragraphs 1 through 70 as if fully rewritten.

72.     Plaintiffs ELLIS', TSDC's and FLAGC's Copyrighted Facebook Page and Web Site were automatically subject to copyright protection under 17 U.S.C. §102(a) when ELLIS, TSDC and FLAGC fixed such works in a tangible medium of expression.

73.     Defendants unlawfully and willfully copied all or part of Plaintiffs' works, in violation of Plaintiffs' copyrights in both graphics and text.

74.     Defendants' Facebook Pages and Web Sites infringe Plaintiffs' copyrights in their Facebook Page and Web Site.

75.     The Defendants Facebook Pages and Web Sites, are not only substantially similar, but are strikingly similar to Plaintiffs' Facebook Page and Web Site exuding the same "look and feel" as Plaintiffs' copyrighted material.

76.     Plaintiffs ELLIS, TSDC and FLAGC have lost substantial revenue from Defendants' unlawful and willful copying of Plaintiffs' copyrighted material.

77.     Defendants' products and services dilute the market and serve to destroy the distinctiveness of Plaintiffs' copyrighted material.

78.     Defendants' copying of Plaintiffs' products and services and use of graphics and text on the Facebook Pages and Web Sites of Defendants destroys the public's identification of the products and services to Plaintiffs as Plaintiffs' exclusive property, thereby confusing the public and causing Plaintiffs to suffer irreparable damages and lost profits.

79.     Plaintiffs ELLIS', TSDC's and FLAGC's sales of their own works and derivative works are prejudiced by Defendants' copyright infringements.

80.     By reason of the foregoing, Defendants are liable to Plaintiffs for Defendants' profits and damages in accordance with 17 U.S.C. §504.

# COUNT V - FEDERAL UNFAIR COMPETITION--LIKELIHOOD OF CONFUSION

81.     Plaintiff TSDC repeats its allegations set forth in Paragraphs 1 through 80 as if fully rewritten.

82.     Plaintiff TSDC is the owner of the trademarks FIGHT LIKE A GIRL CLUB and FIGHT LIKE A GIRL CLUB – CLAIM YOUR POWER, which have been applied for in the United States Patent and Trademark Office, (Registration Nos. 85/082,681 and 85/022,163 respectively) for its clothing and jewelry products, and services for organizing and providing a forum for the interaction between those who suffer or are affected by ailments and life-threatening diseases.

83.     Upon information and belief, Defendants have adopted the marks FIGHT LIKE A GIRL CLIQUE, FIGHT LIKE A GIRL ADVOCATES and FIGHT LIKE A GIRL ADVOCATES CLIQUE to identify their clothing and apparel products, and services for providing a forum between people regarding the fight against cancer and various life-threatening diseases with the same goods and services sold and provided by Plaintiff TSDC under Plaintiff's marks FIGHT LIKE A GIRL CLUB and FIGHT LIKE A GIRL CLUB – CLAIM YOUR POWER.

84.     Defendants are using the marks FIGHT LIKE A GIRL CLIQUE, FIGHT LIKE A GIRL ADVOCATES and FIGHT LIKE A GIRL ADVOCATES CLIQUE in a manner which is causing or is likely to cause confusion, mistake or to deceive ordinary purchasers as to the source or origin of the goods and services of Defendants, sponsorship of their goods and services by Plaintiff TSDC, or their affiliation with Plaintiff TSDC in violation of 15 U.S.C. §1125(a)(1)(Section 43(a) of the Lanham Act).

## COUNT VI - FEDERAL UNFAIR COMPETITION--FALSE OR MISLEADING REPRESENTATIONS

85.     Plaintiffs TSDC, ELLIS and FLAGC repeat their allegations set forth in Paragraphs 1 through 84 as if fully rewritten.

86.     Defendants have been and are using the marks FIGHT LIKE A GIRL CLIQUE, FIGHT LIKE A GIRL ADVOCATES and FIGHT LIKE A GIRL ADVOCATES CLIQUE in advertising and promotional activities in a manner that constitutes a false designation of origin and a false description or representation in violation of 15 U.S.C. §1125 (a)(1) (Section 43(a) of the Lanham Act).

87.     Defendants use of the marks FIGHT LIKE A GIRL CLIQUE, FIGHT LIKE A GIRL ADVOCATES and FIGHT LIKE A GIRL ADVOCATES CLIQUE in a manner that constitutes a false designation of origin and a false description or representation is likely to cause confusion, or to cause mistake or to deceive ordinary purchasers as to as to the origin of Defendants' goods and services, the affiliation of Defendants with Plaintiff TSDC, or the sponsorship or approval of Defendants' goods and services by Plaintiff TSDC.

## COUNT VII - COMMON LAW UNFAIR COMPETITION

88.     Plaintiffs TSDC, ELLIS and FLAGC repeat their allegations set forth in Paragraphs 1 through 87 as if fully rewritten.

89.     Defendants' use of the marks FIGHT LIKE A GIRL CLIQUE, FIGHT LIKE A GIRL ADVOCATES and FIGHT LIKE A GIRL ADVOCATES CLIQUE as described above constitutes passing-off.

## COUNT VIII - UNFAIR COMPETITION UNDER OHIO LAW

90.     Plaintiffs TSDC, ELLIS and FLAGC repeat their allegations set forth in Paragraphs 1 through 89 as if fully rewritten.

91.     Plaintiffs' use of and rights in the marks FIGHT LIKE A GIRL CLUB and FIGHT LIKE A GIRL CLUB – CLAIM YOUR POWER predates Defendants' use of similarly confusing marks.

92.     Defendants' actions in connection with their goods and services, is likely to deceive and cause confusion and mistake among consumers as to the source or origin of the goods and services provided by or sold by Defendants and the sponsorship or endorsement of those goods provided by or sold by Plaintiffs.

93.     Plaintiffs have never authorized, licensed or otherwise condoned or consented to Defendants' use of the marks FIGHT LIKE A GIRL CLIQUE, FIGHT LIKE A GIRL ADVOCATES and FIGHT LIKE A GIRL ADVOCATES CLIQUE.

94.    The conduct of Defendants, as alleged herein, constitutes unfair competition under the common law of Ohio.

95.    Defendants' conduct has been deliberate and willful and has been committed with the intent to cause confusion and mistake, to deceive the public, and/or to misrepresent the affiliation, connection or sponsorship of the Defendants' commercial activities with Plaintiffs.

96.    Defendants will continue their acts of unfair competition, causing irreparable injury to Plaintiffs, unless such activities are enjoined by this Court.

97.    As a direct and proximate result of Defendants' ongoing unlawful activities, Plaintiffs have and continue to suffer damages in an amount that is not presently ascertainable.


## COUNT IX – DECEPTIVE AND UNFAIR TRADE PRACTICES UNDER OHIO LAW

98.    Plaintiffs TSDC, ELLIS and FLAGC repeat their allegations set forth in Paragraphs 1 through 97 as if fully rewritten.

99.    Defendants' business practices as alleged above constitute deceptive trade practices under Ohio Rev. Code §4165.02(A).   Among other deceptive practices, Defendants have passed off goods and services as those of Plaintiffs TSDC, ELLIS and FLAGC and caused likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of Defendants' goods and services.

100.    The extent of the damages suffered by Plaintiffs TSDC, ELLIS and FLAGC as a consequence of Defendants' deceptive trade practices is not presently known but will be proven at trial.

101.    Under Ohio Rev. Code §4165.03, TSDC, ELLIS and FLAGC are entitled to injunctive relief, damages, and attorneys' fees as a result of Defendants' deceptive trade practices.

102.    Unless enjoined and restrained by this Court, Defendants will continue to cause TSDC, ELLIS and FLAGC great and irreparable injury that cannot fully be compensated or measured in money.

## COUNT X - UNJUST ENRICHMENT

103.    Plaintiffs TSDC, ELLIS and FLAGC repeat their allegations set forth in Paragraphs 1 through 102 as if fully rewritten.

104.    By their use of the marks FIGHT LIKE A GIRL CLIQUE, FIGHT LIKE A GIRL ADVOCATES and FIGHT LIKE A GIRL ADVOCATES CLIQUE as described above, Defendants have sold products and provided services at the expense of Plaintiffs TSDC, ELLIS and FLAGC .

105.    By their use of the marks FIGHT LIKE A GIRL CLIQUE, FIGHT LIKE A GIRL ADVOCATES and FIGHT LIKE A GIRL ADVOCATES CLIQUE as described above, Defendants have been unjustly enriched at the expense of Plaintiffs TSDC, ELLIS and FLAGC.

## **DAMAGES**

106.     Plaintiffs TSDC, ELLIS and FLAGC repeat their allegations set forth in Paragraphs 1 through 105 as if fully rewritten.

107.     By virtue of the conduct of Defendants alleged herein, Plaintiffs TSDC, ELLIS and FLAGC have suffered, or are likely to suffer, great damage to their business reputation, goodwill, sales and profits.

108.     By virtue of the conduct of Defendants alleged herein, Plaintiffs TSDC, ELLIS and FLAGC have suffered, or are likely to suffer, irreparable harm.

109.     Defendants' use of the marks FIGHT LIKE A GIRL CLIQUE, FIGHT LIKE A GIRL ADVOCATES and FIGHT LIKE A GIRL ADVOCATES CLIQUE as described above, is done knowingly, willfully, wantonly and in bad faith.

**WHEREFORE**, Plaintiffs TSDC, ELLIS and FLAGC seek:

A.     Injunctive relief enjoining Defendants from using colorable imitations of Plaintiffs TSDC's, ELLIS' and FLAGC's common law and federally applied-for trademarks, FIGHT LIKE A GIRL CLUB and FIGHT LIKE A GIRL CLUB – CLAIM YOUR POWER, and copyrighted works in connection with the advertisement or promotion of their goods and/or services through their advertising and promotional literature, and their internet web sites, or otherwise engaging in acts or conduct that would cause confusion, mistake or deception as to the origin, source, sponsorship or affiliation of Plaintiffs TSDC, ELLIS and FLAGC or their products or services with Defendants;

B.     A finding that Defendants have infringed Plaintiff TSDC's federally applied-for trademarks FIGHT LIKE A GIRL CLUB and FIGHT LIKE A GIRL CLUB – CLAIM YOUR POWER and copyrighted works;

C.     A finding that Defendants have infringed the common law trademark rights of Plaintiffs ELLIS and FLAGC in the marks FIGHT LIKE A GIRL CLUB and FIGHT LIKE A GIRL CLUB – CLAIM YOUR POWER;

D.     Delivery by Defendants to Plaintiffs TSDC, ELLIS and FLAGC of all materials bearing colorable imitations of Plaintiffs' marks FIGHT LIKE A GIRL CLUB and FIGHT LIKE A GIRL CLUB – CLAIM YOUR POWER and copyrighted works for destruction;

E.     Delivery by Defendants to Plaintiffs TSDC, ELLIS and FLAGC of any and all originals, copies, or duplications of Plaintiffs TSDC's, ELLIS' and FLAGC's promotional and advertising literature and catalogs in their possession and control;

F.     An order impounding, during the pendency of this action, and destroying pursuant to judgment herein, all originals, copies or duplicates of any work shown by the evidence to infringe the trademarks FIGHT LIKE A GIRL CLUB and FIGHT LIKE A GIRL CLUB – CLAIM YOUR POWER and copyrighted works of Plaintiffs TSDC, ELLIS and FLAGC, including, without limitation, all computers, computer networks, software and electronic storage media whether fixed or removable;

G.     An order inactivating, during the pendency of this action, and terminating pursuant to judgment herein, all web sites shown by the evidence to infringe the trademarks FIGHT LIKE A GIRL CLUB and FIGHT LIKE A GIRL CLUB – CLAIM YOUR POWER and copyrighted works of Plaintiffs TSDC, ELLIS and FLAGC,

including, without limitation, all Facebook pages and on-line digital and video media whether fixed or removable;

H.     An order enjoining Defendants, during the pendency of this action, from copying, reproducing, modifying, displaying, distributing and/or establishing any new web sites or Facebook pages, or otherwise infringing Plaintiffs' trademarks FIGHT LIKE A GIRL CLUB and FIGHT LIKE A GIRL CLUB – CLAIM YOUR POWER and copyrighted works;

I.     An accounting of all profits;

J.     Actual damages;

K.     Trebling of damages;

L.     Punitive damages;

M.     Costs;

N.     A finding that the actions of Defendants were willful and/or in bad faith;

O.     A finding that this is an exceptional case under 15 U.S.C. §1117(a) (Section 35(a) of the Lanham Act) and an award of reasonable attorneys fees; and

P.     Such further relief as to which this Court may find Plaintiffs TSDC, ELLIS and FLAGC entitled under the law or in equity.

## JURY DEMAND

Plaintiffs hereby request a jury trial for all claims as provided for in Rule 38 of the

Federal Rules of Civil Procedure.

Respectfully submitted,

By:     s/ D. Ari Sherwin
        D. Ari Sherwin
        Ohio State Bar No. 0081739
        Email: sherwin@patentandtm.com
        Salvatore A. Sidoti
        Ohio State Bar No. 0071200
        Email: sidoti@patentandtm.com
        Curatolo Sidoti Co., LPA
        24500 Center Ridge Road
        Suite 280
        Cleveland, Ohio 44145
        Telephone (440) 808-0011
        Facsimile (440) 808-0657

        ATTORNEYS FOR PLAINTIFFS
        **TSDC, LLC**
        **Sandy Ellis dba Fight Like A Girl Club**
        **Sandy Ellis**