# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF OHIO

### EASTERN DIVISION

| | | |
|---|---|---|
| TSDC, LLC | ) | |
| An Ohio | ) | |
| limited liability company | ) | |
| | ) | |
|     and | ) | |
| | ) | |
| Sandy Ellis dba | ) | |
| Fight Like A Girl Club | ) | |
| An Ohio company | ) | |
| | ) | Civil Action No. 1:10-cv-02057-DCN |
|     and | ) | |
| | ) | |
| Sandy Ellis dba | ) | |
| Awareness Gift Boutique | ) | |
| An Ohio company | ) | |
| | ) | Judge Donald C. Nugent |
| and | ) | |
| | ) | |
| Sandy Ellis | ) | |
| An Ohio resident | ) | |
| | ) | |
|     Plaintiffs | ) | |
| | ) | |
| | ) | |
|     v. | ) | |
| | ) | |
| | ) | |
| Ann (Antoinette) Galvan | ) | |
| A California resident | ) | |
| 536 North Cabernet Drive | ) | |
| Covina, CA 91723-1563 | ) | |
| | ) | |
|     and | ) | |

Gloria Galvan                               )
A California resident                        )
536 North Cabernet Drive                     )
Covina, CA 91723-1563                        )
                                            )
     and                   )
                                            )
Julie Elissa                                 )
A California resident                        )
c/o Christina S. Loza, Esq.                  )
Loza & Loza, LLP                             )
305 North Second Avenue #127                 )
Upland, CA 91786-6064                        )
Attorney for Defendants                      )
                                            )
     and                   )
                                            )
Ann (Antoinette) Galvan                      )
dba Fight Like A Girl Clique                  )
A California company                         )
                                            )
     and                   )
                                            )
Gloria Galvan                               )
dba Fight Like A Girl Clique                  )
A California company                         )
                                            )
     and                   )
                                            )
Julie Elissa                                 )
dba Fight Like A Girl Clique                  )
A California company                         )
                                            )
     and                   )
                                            )
Fight Like A Girl Clique                      )
A California company                         )
                                            )
     and                   )

Ann (Antoinette) Galvan                    )
dba Fight Like A Girl Advocates            )
A California company                       )
                                           )
        and                                )
                                           )
                                           )
Gloria Galvan                              )
dba Fight Like A Girl Advocates            )
A California company                       )
                                           )
        and                                )
                                           )
Julie Elissa                               )
dba Fight Like A Girl Advocates            )
A California company                       )
                                           )
        and                                )
                                           )
Fight Like A Girl Advocates                )
A California company                       )
                                           )
        and                                )
                                           )
Ann (Antoinette) Galvan                    )
dba Fight Like A Girl                      )
Advocates Clique                           )
A California company                       )
                                           )
        and                                )
                                           )
Gloria Galvan                              )
dba Fight Like A Girl                      )
Advocates Clique                           )
A California company                       )
                                           )
        and                                )

Julie Elissa                                    )
dba Fight Like A Girl                           )
Advocates Clique                                )
A California company                            )
                                                )
     and                )
                                                )
Fight Like A Girl Advocates Clique              )
A California company                            )
                                                )
     and                )
                                                )
Ann (Antoinette) Galvan                         )
dba Hope and Dreams Designs                     )
A California company                            )
                                                )
     and                )
                                                )
Gloria Galvan                                   )
dba Hope and Dreams Designs                     )
A California company                            )
                                                )
     and                )
                                                )
Julie Elissa                                    )
dba Hope and Dreams Designs                     )
A California company                            )
                                                )
     and                )
                                                )
Hope and Dreams Designs                         )
A California company                            )
                                                )
     and                )
                                                )
Ann (Antoinette) Galvan                         )
dba Cancer Apparel Gifts                        )
A California company                            )
                                                )
     and                )

Gloria Galvan                          )
dba Cancer Apparel Gifts               )
A California company                   )
                                       )
    and             )
                                       )
Julie Elissa                           )
dba Cancer Apparel Gifts               )
A California company                   )
                                       )
    and             )
                                       )
Cancer Apparel Gifts                   )
A California company                   )
                                       )
    and             )
                                       )
Ann (Antoinette) Galvan                )
dba Gifts 4 Awareness                  )
A California company                   )
                                       )
    and             )
                                       )
Gloria Galvan                          )
dba Gifts 4 Awareness                  )
A California company                   )
                                       )
    and             )
                                       )
Julie Elissa                           )
dba Gifts 4 Awareness                  )
A California company                   )
                                       )
    and             )
                                       )
Gifts 4 Awareness                      )
A California company                   )
                                       )
    and             )

Ann (Antoinette) Galvan                )
dba Gifts For Awareness                )
A California company                   )
                                       )
    and            )
                                       )
Gloria Galvan                          )
dba Gifts For Awareness                )
A California company                   )
                                       )
    and            )
                                       )
Julie Elissa                           )
dba Gifts For Awareness                )
A California company                   )
                                       )
    and            )
                                       )
Gifts For Awareness                    )
A California company                   )
                                       )
    and            )
                                       )
Ann (Antoinette) Galvan                )
dba Go Pink Shirts                     )
A California company                   )
                                       )
    and            )
                                       )
Gloria Galvan                          )
dba Go Pink Shirts                     )
A California company                   )
                                       )
    and            )
                                       )
Julie Elissa                           )
dba Go Pink Shirts                     )
A California company                   )
                                       )
    and            )

Go Pink Shirts            )
A California company      )
                                )
       and                   )
                                )
John/Jane Doe(s) 1-10     )
                                )
      Defendants.          )

## AMENDED COMPLAINT FOR TRADEMARK/SERVICE MARK INFRINGEMENT, COPYRIGHT INFRINGEMENT AND OTHER EQUITABLE RELIEF AND TO SUBSTITUTE/ADD PREVIOUSLY UNNAMED PARTIES

## JURY TRIAL REQUESTED

## <u>NATURE OF COMPLAINT</u>

1.      This is an action for infringement of marks under 15 U.S.C. §1125(a), (Section 43(a) of the Lanham Act)(which extends protection to unregistered marks); false designation of origin under 15 U.S.C. §1125(a), (Section 43(a) of the Lanham Act); common law trademark infringement; federal copyright infringement under 17 U.S.C. §501; federal unfair competition (likelihood of confusion); federal unfair competition (false or misleading representations); common law unfair competition; unfair competition under Ohio law; deceptive and unfair trade practices under Ohio law; and unjust enrichment.

## **THE PARTIES**

2.      TSDC, LLC (hereinafter referred to as "TSDC") is a limited liability company, organized under the laws of the State of Ohio, and having a business address at P.O. Box 45034, Cleveland, Ohio 44145.

3.      Sandy Ellis dba Fight Like A Girl Club (hereinafter referred to as "FLAGC") is a company with its principal place of business located in the State of Ohio.

4.      Sandy Ellis dba Awareness Gift Boutique (hereinafter referred to as "ABG") is a company with its principal place of business located in the State of Ohio.

5.      Sandy Ellis (hereinafter referred to as "ELLIS") is a sole proprietor with her business located in the State of Ohio.

6.      Upon information and belief, Defendant Ann (Antoinette) Galvan (hereinafter referred to as "A. GALVAN") is a resident of the State of California, and does business in the State of Ohio.

7.      Upon information and belief, Defendant Gloria Galvan (hereinafter referred to as "G. GALVAN") is a resident of the State of California, and does business in the State of Ohio.

8.      Upon information and belief, Defendant Julie Elissa (hereinafter referred to as "ELISSA") is a resident of the State of California, and does business in the State of Ohio.

9.      Upon information and belief, Defendant Fight Like A Girl Clique (hereinafter referred to as "CLIQUE") is a company with its principal place of business located in the State of California.

10.     Upon information and belief, Defendant Fight Like A Girl Advocates (hereinafter referred to as "ADVOCATES") is a company with its principal place of business located in the State of California, and does business in the State of Ohio.

11.     Upon information and belief, Defendant Fight Like A Girl Advocates Clique (hereinafter referred to as "ADVOCATES CLIQUE") is a company with its principal place of business located in the State of California, and does business in the State of Ohio.

12.     Upon information and belief, Defendant Hope and Dreams Designs (hereinafter referred to as "HDD") is a company with its principal place of business located in the State of California, and does business in the State of Ohio.

13.     Upon information and belief, Defendant Cancer Apparel Gifts (hereinafter referred to as "CAG") is a company with its principal place of business located in the State of California, and does business in the State of Ohio.

14.     Upon information and belief, Defendant Gifts 4 Awareness (hereinafter referred to as "G4A") is a company with its principal place of business located in the State of California, and does business in the State of Ohio.

15.     Upon information and belief, Defendant Gifts For Awareness (hereinafter referred to as "GFA") is a company with its principal place of business located in the State of California, and does business in the State of Ohio.

16.     Upon information and belief, Defendant Go Pink Shirts (hereinafter referred to as "GPS") is a company with its principal place of business located in the State of California, and does business in the State of Ohio.

17.     Upon information and belief, Defendant Ann (Antoinette) Galvan dba Fight Like A Girl Clique (hereinafter referred to as "A. GALVAN dba CLIQUE") is a company with its principal place of business in the State of California, and does business in the State of Ohio.

18.     Upon information and belief, Defendant Gloria Galvan dba Fight Like A Girl Clique (hereinafter referred to as "G. GALVAN dba CLIQUE") is a company with its principal place of business in the State of California, and does business in the State of Ohio.

19.     Upon information and belief, Defendant Julie Elissa dba Fight Like A Girl Clique (hereinafter referred to as "ELISSA dba CLIQUE") is a company with its principal place of business in the State of California, and does business in the State of Ohio.

20.     Upon information and belief, Defendant Ann (Antoinette) Galvan dba Fight Like A Girl Advocates (hereinafter referred to as "A. GALVAN dba ADVOCATES") is a company with its principal place of business in the State of California, and does business in the State of Ohio.

21.     Upon information and belief, Defendant Gloria Galvan dba Fight Like A Girl Advocates (hereinafter referred to as "G. GALVAN dba ADVOCATES") is a company with its principal place of business in the State of California, and does business in the State of Ohio.

22.     Upon information and belief, Julie Elissa dba Fight Like A Girl Advocates (hereinafter referred to as "ELISSA dba ADVOCATES") is a company with its principal place of business in the State of California, and does business in the State of Ohio.

23.     Upon information and belief, Defendant Ann (Antoinette) Galvan dba Fight Like A Girl Advocates Clique (hereinafter referred to as "A. GALVAN dba ADVOCATES CLIQUE") is a company with its principal place of business in the State of California, and does business in the State of Ohio.

24.     Upon information and belief, Defendant Gloria Galvan dba Fight Like A Girl Advocates Clique (hereinafter referred to as "G. GALVAN dba ADVOCATES CLIQUE") is a company with its principal place of business in the State of California, and does business in the State of Ohio.

25.     Upon information and belief, Defendant Julie Elissa dba Fight Like A Girl Advocates Clique (hereinafter referred to as "ELISSA dba ADVOCATES CLIQUE") is a company with its principal place of business in the State of California, and does business in the State of Ohio.

26.     Upon information and belief, Defendant Ann (Antoinette) Galvan dba Hope and Dreams Designs (hereinafter referred to as "A. GALVAN dba HDD") is a company with its principal place of business in the State of California, and does business in the State of Ohio.

27.     Upon information and belief, Defendant Gloria Galvan dba Hope and Dreams Designs (hereinafter referred to as "G. GALVAN dba HDD") is a company with its principal place of business in the State of California, and does business in the State of Ohio.

28.     Upon information and belief, Defendant Julie Elissa dba Hope and Dreams Designs (hereinafter referred to as "ELISSA dba HDD") is a company with its principal place of business in the State of California, and does business in the State of Ohio.

29.     Upon information and belief, Defendant Ann (Antoinette) Galvan dba Cancer Apparel Gifts (hereinafter referred to as "A. GALVAN dba CAG") is a company with its principal place of business in the State of California, and does business in the State of Ohio.

30.     Upon information and belief, Defendant Gloria Galvan dba Cancer Apparel Gifts (hereinafter referred to as "G. GALVAN dba CAG") is a company with its principal place of business in the State of California, and does business in the State of Ohio.

31.     Upon information and belief, Defendant Julie Elissa dba Cancer Apparel Gifts (hereinafter referred to as "ELISSA dba CAG") is a company with its principal place of business in the State of California, and does business in the State of Ohio.

32.     Upon information and belief, Defendant Ann (Antoinette) Galvan dba Gifts 4 Awareness (hereinafter referred to as "A. GALVAN dba G4A") is a company with its principal place of business in the State of California, and does business in the State of Ohio.

33.     Upon information and belief, Defendant Gloria Galvan dba Gifts 4 Awareness (hereinafter referred to as "G. GALVAN dba G4A") is a company with its principal place of business in the State of California, and does business in the State of Ohio.

34.     Upon information and belief, Defendant Julie Elissa dba Gifts 4 Awareness (hereinafter referred to as "ELISSA dba G4A") is a company with its principal place of business in the State of California, and does business in the State of Ohio.

35.     Upon information and belief, Defendant Ann (Antoinette) Galvan dba Gifts For Awareness (hereinafter referred to as "A. GALVAN dba GFA") is a company with its

principal place of business in the State of California, and does business in the State of Ohio.

36.     Upon information and belief, Defendant Gloria Galvan dba Gifts For Awareness (hereinafter referred to as "G. GALVAN dba GFA") is a company with its principal place of business in the State of California, and does business in the State of Ohio.

37.     Upon information and belief, Defendant Julie Elissa dba Gifts For Awareness (hereinafter referred to as "ELISSA dba GFA") is a company with its principal place of business in the State of California, and does business in the State of Ohio.

38.     Upon information and belief, Defendant Ann (Antoinette) Galvan dba Go Pink Shirts (hereinafter referred to as "A. GALVAN dba GPS") is a company with its principal place of business in the State of California, and does business in the State of Ohio.

39.     Upon information and belief, Defendant Gloria Galvan dba Go Pink Shirts (hereinafter referred to as "G. GALVAN dba GPS") is a company with its principal place of business in the State of California, and does business in the State of Ohio.

40.     Upon information and belief, Defendant Julie Elissa dba Go Pink Shirts (hereinafter referred to as "ELISSA dba GPS") is a company with its principal place of business in the State of California, and does business in the State of Ohio.

41.     Upon information and belief, at least a portion of the business of Defendants includes providing wearing apparel and other products associated with cancer and disease awareness.

42.  Upon information and belief, Defendants recently introduced new services relating to providing a support group for those who suffer or are affected by ailments and life-threatening diseases.

43.  In connection with their businesses, Defendants operate various internet websites at the following domain names or addresses:

- http://www.fightlikeagirlclique.com
- http://www.facebook.com/#!/pages/Fight-Like-a-Girl-Advocates/123518134363387?ref=ts
- http://www.zazzle.com/fightlikeagirlclique
- http://www.fightlikeagirlgiftshop.com
- http://www.fightlikeagirlcancershirts.com
- http://www.fightlikeagirldiseaseshirts.com
- http://www.cancerapparelgifts.com

44.  Defendants promote the sale of their wearing apparel, other products, and the recently introduced services for providing a support group for people fighting against cancer and other diseases on the aforementioned internet websites.

45.  Defendants' websites include pages having depictions of, and/or text related to clothing, other products, and support group services being sold and provided by Defendants in connection with the marks FIGHT LIKE A GIRL CLIQUE, FIGHT LIKE A GIRL ADVOCATES and FIGHT LIKE A GIRL ADVOCATES CLIQUE.

46.  In connection with their businesses, Defendants promote the sales of their wearing apparel, other products, and the recently adopted support group services through

14

advertising, promotional literature, and/or text related to these products and services, primarily on the internet in which these goods and services are distributed and available for purchase throughout the United States.

47.     Upon information and belief, Defendants A. GALVAN, G. GALVAN and ELISSA are doing business in the State of Ohio through Defendants CLIQUE, ADVOCATES and ADVOCATES CLIQUE.

## **JURISDICTION AND VENUE**

48.     This Court has federal question subject matter jurisdiction under 15 U.S.C. §1121, 17 U.S.C. §101 and 28 U.S.C. §1338, and supplemental jurisdiction over the state statutory law and common law claims under 28 U.S.C. §§1338(b) and 1367.

49.     Venue is proper in this Court under 28 U.S.C. §§1391 (b)(2), as substantial parts of events giving rise to this action arose in this district and a substantial part of property that is the subject of this action is situated; and 28 U.S.C. §1391(c) as presumed corporate Defendants are subject to personal jurisdiction in this district and are, therefore, deemed to reside in this district.

## **FACTS**

50.     Plaintiffs ELLIS, TSDC, AGB and FLAGC are engaged in the business, inter alia, of designing, manufacturing, and selling clothing, jewelry and other items associated with cancer and disease awareness, and providing services for organizing and providing on-line support groups for those who suffer or are affected by ailments and life-threatening diseases.

51.     On or about October 17, 2009, ELLIS created and published her blog at FIGHTLIKEAGIRLTSHIRTS.WORDPRESS.COM     (hereinafter     referred     to     as "Wordpress blog").

52.     On or about May 26, 2010, ELLIS noted, through statistical web tracking documentation, Defendants accessing her Wordpress blog.

53.     On or about May 27, 2010, and only one day after Defendants viewed ELLIS' Wordpress     blog,     Defendants     created     and     published     their     blog FIGHTLIKEAGIRLSHIRTSFORCANCER.WORDPRESS.COM.

54.     Defendants     created     and     published     their     blog FIGHTLIKEAGIRLSHIRTSFORCANCER.WORDPRESS.COM  in  view  of  ELLIS having previously created and published her Wordpress blog.

55.      On or about June 21, 2010, Defendants created and published an additional blog FIGHTLIKEAGIRLSHIRTS.BLOGSPOT.COM.

56.     Defendants     created     and     published     their     blog FIGHTLIKEAGIRLSHIRTS.BLOGSPOT.COM  in  view  of  ELLIS  having  previously created and published her Wordpress blog.

57.    On or about May, 2007, ELLIS registered the domain name CAFEPRESS.COM/AWARENESSGIFTS.

58.    On or about May 30, 2007, ELLIS registered the domain name AWARENESSGIFTBOUTIQUE.COM.

59.    Beginning on or about February, 2008, ELLIS noted, through statistical web tracking documentation, Defendants accessing her Awareness Shop (Leukemia section) located on Café Press.

60.    Because the timing of the onset of Defendants' visits followed ELLIS' newly created Leukemia section, out of simple curiosity, ELLIS utilized Café Press' publicly accessible marketplace search tab, to ascertain which other Café Press shop would have been the most likely to have noticed ELLIS uploading her newly created leukemia designs (including ELLIS' "I Wear PINK For My MOM" design).

61.    Upon information and belief, Defendants accessed ELLIS' shop approximately twenty-six (26) times in a three week period prior to Defendants releasing a design that was substantially similar to the one (i.e., ELLIS' "I Wear PINK For My MOM" design) that Defendants viewed in ELLIS' shop.

62.    ELLIS confronted Defendants with the aforementioned trail of accessing, viewing and copying her "I Wear PINK For My MOM" design, and Defendants agreed to remove the copied design from their shop.

63.    Approximately three weeks later, Defendants released a variation of ELLIS' "I Wear PINK For My MOM" design.

64.    On or about April 6, 2008, Defendants registered the URLs for GIFTSFORAWARENESS.COM and GIFTS4AWARENESS.COM.

65.     Defendants registered the URLs for GIFTSFORAWARENESS.COM and GIFTS4AWARENESS.COM in view of ELLIS having previously registered her URL for AWARENESSGIFTBOUTIQUE.COM.

66.     On or about April 6, 2008, Defendants registered the domain name CAFEPRESS.COM/GIFTS4AWARENESS.

67.     Defendants registered the domain name CAFEPRESS.COM/GIFTS4AWARENESS in view of ELLIS having previously registered her URL for CAFEPRESS.COM/AWARENESSGIFTS.

68.     Upon information and belief, Defendants subsequently registered the domain name CAFEPRESS.COM/GIFTSAWARENESS.

69.     Defendants registered the domain name CAFEPRESS.COM/GIFTSAWARENESS in view of ELLIS having previously registered her URL for CAFEPRESS.COM/AWARENESSGIFTS.

70.     ELLIS opened an on-line store for wearing apparel and miscellaneous products associated with cancer awareness on zazzle.com on July 24, 2008.

71.     Merely three days after ELLIS opened her zazzle.com store, on July 27, 2008, Defendants opened a competing zazzle.com store offering similar cancer awareness goods.

72.     ELLIS is in possession of documentation replete with evidence that Defendants accessed and copied numerous copyrighted works of ELLIS displayed on her Café Press and zazzle.com store websites.

73.    Plaintiffs ELLIS and AGB are the owners of the following federal copyright applications:

- Copyright Claim Identification No. 1-8QAKH1 and Case No. 1-527892501 for **"I FIGHT like a GIRL Breast Cancer Awareness"**

- Copyright Claim Identification No. 1-7V2UGX and Case No. 1-475464064 for "**I Wear GOLD FOR MY Daughter Childhood Cancer Awareness**"

- Copyright Claim Identification No. 1-7V05LT and Case No. 1-475338558 for "**SURVIVOR 12 YEARS and COUNTING Lung Cancer**"

- Copyright Claim Identification No. 1-7V05JK and Case No. 1-475338477 for "**HELL, YES, They're FAKE. The Real Ones nearly KILLED me!**"

74.    ELLIS' and AGB's originally created design "I FIGHT like a GIRL Breast Cancer Awareness" (hereinafter referred to as "Design #1") was published and released for sale on or about June 16, 2008.  (See EXHIBIT #1).

75.    Defendants had access to and copied ELLIS' Design #1.

76.    Defendants' copied design "I Fight Like a Girl Support Breast Cancer Awareness" (hereinafter referred to as "copied Design A") was published and released for sale on or about June 17, 2008.  (See EXHIBIT #1).

77.    ELLIS' and AGB's originally created design "I Wear GOLD FOR MY Daughter Childhood Cancer Awareness" (hereinafter referred to as "Design #2") was published and released for sale on or about June 26, 2008.  (See EXHIBIT #2).

78.    Defendants had access to and copied ELLIS' Design #2.

79.     Defendants' copied design "I Wear Gold for my daughter Promote Childhood Cancer Awareness" (hereinafter referred to as "copied Design B") was published and released for sale on or about January 7, 2009.  (See EXHIBIT #2).

80.     ELLIS' and AGB's originally created design "SURVIVOR 12 YEARS and COUNTING Lung Cancer" (hereinafter referred to as "Design #3") was published and released for sale on or about October 26, 2008.  (See EXHIBIT #3).

81.     Defendants had access to and copied ELLIS' Design #3.

82.     Defendants' copied design "Survivor 12 YEARS Support Lung Cancer Awareness" (hereinafter referred to as "copied Design C") was published and released for sale on or about November 3, 2008.  (See EXHIBIT #3).

83.     ELLIS' and AGB's originally created design "HELL, YES, They're FAKE.  The Real Ones nearly KILLED me!" (hereinafter referred to as "Design #4") was published and released for sale on or about May 12, 2010.  (See EXHIBIT #4).

84.     Defendants had access to and copied ELLIS' Design #4.

85.     Defendants' copied design "Hell Yeah, THEY'RE FAKE The Real Ones Tried to KILL Me" (hereinafter referred to as "copied Design D") was published and released for sale on or about July 21, 2010.  (See EXHIBIT #4).

86.     On or about October 17, 2009, ELLIS registered the domain name FIGHTLIKEAGIRLTSHIRTS.COM.

87.     On or about November 24, 2009, Defendants registered the domain name FIGHTLIKEAGIRLCANCERSHIRTS.COM.

88.     On or about June 23, 2010, Defendants registered the domain name FIGHTLIKEAGIRLDISEASESHIRTS.COM.

89.    ELLIS registered the domain names THEFIGHTLIKEAGIRLCLUB.COM, THEFIGHTLIKEAGIRLCLUB.NET and THEFIGHTLIKEAGIRLCLUB.ORG on April 15, 2010.

90.    On or about June 22, 2010, Defendants registered the domain names FIGHTLIKEAGIRLCLIQUE.COM, FIGHTLIKEAGIRLCLIQUE.NET and FIGHTLIKEAGIRLCLIQUE.ORG.

91.    Plaintiff TSDC is the owner of the following federal trademark applications:

- United States Trademark Serial No. 85/082,681 for the trademark **FIGHT LIKE A GIRL CLUB**

- United States Trademark Serial No. 85/022,163 for the trademark **FIGHT LIKE A GIRL CLUB – CLAIM YOUR POWER**.

92.    ELLIS' originally created "Fight Like A Girl Club" website (located at http://www.thefightlikeagirlclub.com) was activated at least as early as May 12, 2010, and was accessible and available to on-line users on same date.

93.    TSDC's trademarks have dates of first use in commerce of at least as early as May 12, 2010.

94.    Plaintiffs' originally created "Fight Like A Girl Club" Facebook page (located at http://www.facebook.com/home.php#!/fightlikeagirlclub?ref=ts) was activated at least as early as June 4, 2010, and was accessible and available to on-line users on the same date.

95.    ELLIS published an initial post on her "Fight Like A Girl Club" Facebook page on or about June 16, 2010.

96.     Plaintiffs' initiated Facebook advertising in connection with their originally created "Fight Like A Girl Club" Facebook page on June 18, 2010, and such advertising was accessible and available to on-line users on the same date.

97.     Defendants obtained a URL address for www.fightlikeagirlclique.com on or about June 22, 2010 and established the "Fight Like a Girl Clique" website shortly thereafter.

98.     Defendants obtained a URL address for www.fightlikeagirlclique.com in view of ELLIS having previously obtained her URL address for www.thefightlikeagirlclub.com.

99.     On or about June 22, 2010, only six (6) weeks after the publication of ELLIS' website and a mere three (3) weeks after the publication of ELLIS' Facebook page Defendants published their "Fight Like A Girl Clique" Facebook page located at http://www.facebook.com/#!/pages/Fight-Like-a-Girl-Clique/117628774948777?ref=ts.

100.    Defendants' initially indicated that the founding date of their Facebook page was 2010.  (See EXHIBIT #5).

101.    Upon information and belief, Defendants later erroneously altered the founding date of their Facebook page to 2009.  (See EXHIBIT #6).

102.    On or about June 22, 2010, Defendants offered for sale to the public goods and services which are not only substantially similar, but are strikingly similar to Plaintiffs'.

103.    On or about June 22, 2010, Defendants sold goods promoted by their on-line sites to numerous purchasers, including several Ohio residents, in which the sales were made over the internet through Defendants' websites and/or Facebook pages.

104.    The goods Defendants sold were promoted on websites that infringed Plaintiffs' copyrighted works and trademarks.

105.    On or about June 23, 2010, ELLIS added the word "original" to her Facebook bio (i.e., designating her site as "the original Fight Like A Girl Club").  (See EXHIBIT #7).

106.    Following ELLIS' addition of the word "official" to her website, on or about June 23 or 24, 2010, Defendants added the word "official" to their Facebook bio (i.e., designating their site as "the official Fight Like A Girl Clique") – *either one or two days later.*  (See EXHIBIT #7).

107.    On or about July 15, 2010, ELLIS published her originally created "arrow" logo/design accompanied by the text "Suggest To Friends" on her Facebook Wall.  (See EXHIBIT #8).

108.    On or about July 18, 2010, Defendants published a copy of ELLIS' "arrow" logo/design accompanied by the duplicated text "Suggest To Friends" on their Facebook Wall.  (See EXHIBIT #8).

109.    On or about June 24, 2010, ELLIS published her "FIGHT LIKE A GIRL T-SHIRT" give-away.

110.    On or about June 27, 2010, Defendants published their first "FIGHT LIKE A GIRL T-SHIRTS" give-away.

111.    On or about on June 26, 2010, ELLIS began publishing her daily "Power Quotes" for the FIGHT LIKE A GIRL CLUB Facebook page.

112.    On or about  July 1, 2010, Defendants began publishing their daily quotes for the FIGHT LIKE A GIRL CLIQUE Facebook page.

113.    On or about August 16, 2010, ELLIS published the Official Quote for her FIGHT LIKE A GIRL CLUB website.  (See EXHIBIT #9).

114.     On or about August 17, 2010, Defendants published their "motto" for the FIGHT
LIKE A GIRL CLIQUE Facebook page.  (See EXHIBIT #9).

115.     Plaintiffs have expended substantial resources in designing, promoting,
manufacturing and selling its goods and services, and built a valuable business based on
demand for their distinctively-styled, personalized, quality goods and services.  Plaintiffs
have become identified in the minds of the public as the providers of these goods and
services.

116.     Defendants have regularly viewed and accessed Plaintiffs' Facebook page and
website.

117.     Defendants have regularly viewed and accessed samples of Plaintiffs' goods and
services offered on Plaintiffs' Facebook page and website.

118.     At no time did Plaintiffs authorize Defendants to manufacture, advertise, offer for
sale or sell the goods and services which are substantially similar and/or strikingly similar
to Plaintiffs', or use Plaintiffs' trademarks and/or service marks.

119.     Shortly after Plaintiffs first displayed their website graphics and text, Defendants
would alter their websites in a substantially, if not strikingly, similar manner.

120.     Defendants' website alterations were done in violation of Plaintiffs' copyrighted
works and trademarks.

121.     Plaintiff FLAGC is the owner of the following federal copyright registrations:

- Copyright Registration No. VA 1-734-401 for
  **Fight Like a Girl Club Facebook Text and 2-D Artwork**
  registered on August 24, 2010; and

- Copyright Registration No. TX 7-212-548 for
  **Fight Like a Girl Club Website Text and Artwork**
  registered on August 29, 2010.

122.    On August 27, 2010, counsel for Plaintiffs sent correspondence to Facebook, Inc. ("Facebook"), pursuant to the Digital Millennium Copyright Act (DMCA) of 1996, requesting that Defendants' FIGHT LIKE A GIRL CLIQUE page be taken-down in violation of copyright and trademark infringement.  Less than two hours later, Facebook complied and inactivated the page located at http://www.facebook.com/#!/pages/Fight-Like-a-Girl-Clique/117628774948777?ref=ts.

123.    On or about August 28, 2010, Defendants created a new and separately infringing "Fight Like a Girl Advocates" Facebook page located at the following URL address:

http://www.facebook.com/#!/pages/Fight-Like-a-Girl-Advocates/123518134363387?ref=ts

124.    Upon information and belief, subsequent to June 22, 2010, Defendants renamed their previous "Fight Like a Girl Clique" website "Fight Like a Girl Advocates."

125.    Upon information and belief, on or about August 28, 2010, Defendants renamed their previous "Fight Like a Girl Advocates" website "Fight Like a Girl Advocates Clique."

126.    Upon information and belief, subsequent to August 28, 2010, Defendants renamed their previous "Fight Like a Girl Advocates Clique" website "The Fight Like a Girl Advocates."

127.    Defendants' current "The Fight Like a Girl Advocates" website is presently active and accessible to the public.

128.    Defendants' currently active and accessible "The Fight Like a Girl Advocates" website violates Plaintiffs' copyrighted works and trademarks.

25

129.    Defendants' following websites, accessible to the public through the infringing "The Fight Like a Girl Advocates" website via hyperlinks, are also currently active:

- http://www.fightlikeagirlgiftshop.com

- http://www.fightlikeagirlcancershirts.com

- http://www.fightlikeagirldiseaseshirts.com

- http://www.cancerapparelgifts.com

- http://www.facebook.com/pages/Fight-Like-a-Girl- -Cancer-Shirts-and-Gifts/201206635212

130.    On or about September 13, 2010, Defendants contacted Facebook to have Plaintiffs' "Fight Like a Girl Club" Facebook page inactivated and/or taken down.

131.    On or about September 13, 2010, Plaintiffs' Facebook page was inactivated and/or taken down due to a DMCA take-down complaint filed by counsel for Defendants.

132.    Defendants had no legal basis to inactivate or take-down Plaintiffs' Facebook page.

133.    Defendants' DMCA take-down notice was a virtual copy of Plaintiffs' initial take-down notice.

134.    Counsel to Defendants made assertions to counsel for Plaintiffs that were contradictory to Defendants' DMCA take-down notice only a day after Plaintiffs' Facebook page was wrongly disabled.

135.    On September 14, 2010, counsel for Plaintiffs sent correspondence to Facebook, Inc. ("Facebook"), pursuant to the DMCA, requesting that Defendants' FIGHT LIKE A GIRL ADVOCATES page be taken-down in violation of copyright and trademark infringement. On or about September 16, 2010, Facebook complied and inactivated the

26

page located at http://www.facebook.com/#!/pages/Fight-Like-a-Girl-Advocates/123518134363387?v=wall&ref=ts.

136.    On September 30, 2010, counsel for Plaintiffs submitted a Counter-Notification pursuant to the DMCA in which Plaintiffs asserted that their Facebook Page had been wrongly inactivated by counsel for Defendants.  Plaintiffs swore under penalty of perjury, that they had a good faith belief that their Facebook Page was removed or disabled as a result of a mistake or misidentification.

137.    On October 13, 2010, and after having complied with the requirements of Section 512(g)(3) of the DMCA, Plaintiffs sent correspondence to Facebook, Inc. requesting that they replace Plaintiffs' blocked or removed Facebook Page and cease disabling access to it.  Facebook Inc. responded that they would not activate Plaintiffs' Facebook Page.

138.    On numerous occasions, through multiple correspondence and telephone conversations between counsel for the parties, Plaintiffs have attempted to negotiate in good faith with Defendants to resolve this matter without court intervention before and after the original complaint in this action was filed on September 14, 2010.

139.    Plaintiffs have suffered, or are likely to suffer, irreparable harm, great damage to their business reputation, goodwill, sales and profits as a result of Plaintiffs' Facebook page having been inactivated and/or taken down.

## COUNT I - INFRINGEMENT OF UNREGISTERED TRADEMARKS/SERVICE MARKS UNDER THE LANHAM ACT

140.     Plaintiff TSDC repeats its allegations set forth in Paragraphs 1 through 139 as if fully rewritten.

141.     Plaintiff TSDC is the owner of the federal trademark applications for FIGHT LIKE A GIRL CLUB (United States Trademark Serial No. 85/082,681) and FIGHT LIKE A GIRL CLUB – CLAIM YOUR POWER (United States Trademark Serial No. 85/022,163), based upon dates of first use and first use in commerce of at least as early as May 12, 2010.

142.     Plaintiff TSDC has continually and extensively used its trademarks FIGHT LIKE A GIRL CLUB and FIGHT LIKE A GIRL CLUB – CLAIM YOUR POWER from their dates of first use and first use in commerce in connection with offering and sales of its clothing and jewelry, and services for organizing and providing a support group for the interaction between those who suffer or are affected by ailments and life-threatening diseases within its trades (cancer and disease awareness goods and services) and throughout the United States.

143.     Plaintiff TSDC has experienced significant sales success as to the goods and services in connection with which it uses its trademarks FIGHT LIKE A GIRL CLUB and FIGHT LIKE A GIRL CLUB – CLAIM YOUR POWER.

144.     Because of Plaintiff TSDC's continual and extensive use of its marks, Plaintiff TSDC's trademarks FIGHT LIKE A GIRL CLUB and FIGHT LIKE A GIRL CLUB – CLAIM YOUR POWER are strong marks.

145.    Defendants are using the trademarks FIGHT LIKE A GIRL CLIQUE, FIGHT LIKE A GIRL ADVOCATES and FIGHT LIKE A GIRL ADVOACTES CLIQUE in connection with their sale of clothing and apparel products related to cancer awareness, and services for providing a support group for the interaction between people regarding the fight against cancer and various life-threatening diseases.

146.    Defendants' use of FIGHT LIKE A GIRL CLIQUE, FIGHT LIKE A GIRL ADVOCATES and FIGHT LIKE A GIRL ADVOACTES CLIQUE commenced after Plaintiffs' first use of FIGHT LIKE A GIRL CLUB and FIGHT LIKE A GIRL CLUB – CLAIM YOUR POWER.

147.    Defendants' use of the marks FIGHT LIKE A GIRL CLIQUE, FIGHT LIKE A GIRL ADVOCATES and FIGHT LIKE A GIRL ADVOCATES CLIQUE  is without the consent of Plaintiff TSDC.

148.    Defendants' phrases FIGHT LIKE A GIRL CLIQUE, FIGHT LIKE A GIRL ADVOCATES and FIGHT LIKE A GIRL ADVOCATES CLIQUE convey the same commercial impression and connotation as that created by Plaintiff TSDC's trademarks FIGHT LIKE A GIRL CLUB and FIGHT LIKE A GIRL CLUB – CLAIM YOUR POWER.

149.    The words FIGHT LIKE A GIRL CLIQUE, FIGHT LIKE A GIRL ADVOCATES and FIGHT LIKE A GIRL ADVOCATES CLIQUE are colorable imitations of Plaintiff TSDC's applied-for trademarks FIGHT LIKE A GIRL CLUB and FIGHT LIKE A GIRL CLUB – CLAIM YOUR POWER, in that they appear and sound similar.

150.    Defendants are using the marks FIGHT LIKE A GIRL CLIQUE, FIGHT LIKE A GIRL ADVOCATES and FIGHT LIKE A GIRL ADVOCATES CLIQUE in connection with their sale of substantially the same goods and services in the same trade and geographic area, and through the same marketing channels as Plaintiff TSDC.

151.    Upon information and belief, Defendants' use of the marks FIGHT LIKE A GIRL CLIQUE, FIGHT LIKE A GIRL ADVOCATES and FIGHT LIKE A GIRL ADVOCATES CLIQUE is with knowledge of Plaintiff TSDC's rights in and to the marks FIGHT LIKE A GIRL CLUB and FIGHT LIKE A GIRL CLUB – CLAIM YOUR POWER.

152.    Defendants have been and are using the marks FIGHT LIKE A GIRL CLIQUE, FIGHT LIKE A GIRL ADVOCATES and FIGHT LIKE A GIRL ADVOCATES CLIQUE in a manner which is causing or is highly likely to cause confusion among ordinary purchasers as to the source or origin of the goods and services of Defendants.

153.    Defendants' use of the marks FIGHT LIKE A GIRL CLIQUE, FIGHT LIKE A GIRL ADVOCATES and FIGHT LIKE A GIRL ADVOCATES CLIQUE has led to actual confusion in the relevant marketplace.

154.    Defendants use of the marks FIGHT LIKE A GIRL CLIQUE, FIGHT LIKE A GIRL ADVOCATES and FIGHT LIKE A GIRL ADVOCATES CLIQUE is in direct violation of 15 U.S.C. §1125(a) (Section 43(a) of the Lanham Act).

## COUNT II - FEDERAL UNFAIR COMPETITION--LIKELIHOOD OF CONFUSION

155.    Plaintiff TSDC repeats its allegations set forth in Paragraphs 1 through 154 as if fully rewritten.

156.    Plaintiff TSDC is the owner of the trademarks FIGHT LIKE A GIRL CLUB and FIGHT LIKE A GIRL CLUB – CLAIM YOUR POWER, which have been applied for in the United States Patent and Trademark Office, (Registration Nos. 85/082,681 and 85/022,163 respectively) for its clothing and jewelry products, and services for organizing and providing a support group for the interaction between those who suffer or are affected by ailments and life-threatening diseases.

157.    Upon information and belief, Defendants have adopted the marks FIGHT LIKE A GIRL CLIQUE, FIGHT LIKE A GIRL ADVOCATES and FIGHT LIKE A GIRL ADVOCATES CLIQUE to identify their clothing and apparel products, and services for providing a support group between people regarding the fight against cancer and various life-threatening diseases with the same goods and services sold and provided by Plaintiff TSDC under Plaintiff's marks FIGHT LIKE A GIRL CLUB and FIGHT LIKE A GIRL CLUB – CLAIM YOUR POWER, after Plaintiffs' first use of their marks.

158.    Defendants are using the marks FIGHT LIKE A GIRL CLIQUE, FIGHT LIKE A GIRL ADVOCATES and FIGHT LIKE A GIRL ADVOCATES CLIQUE in a manner which is causing or is likely to cause confusion, mistake or to deceive ordinary purchasers as to the source or origin of the goods and services of Defendants, sponsorship of their goods and services by Plaintiffs, or their affiliation with Plaintiffs in violation of 15 U.S.C. §1125(a)(1)(Section 43(a) of the Lanham Act).

31

159.    Defendants' use of the marks FIGHT LIKE A GIRL CLIQUE, FIGHT LIKE A GIRL ADVOCATES and FIGHT LIKE A GIRL ADVOCATES CLIQUE constitute unfair competition under the Lanham Act.

## COUNT III - COMMON LAW TRADEMARK/SERVICE MARK INFRINGEMENT

160.    Plaintiffs repeat their allegations set forth in Paragraphs 1 through 159 as if fully rewritten.

161.    Defendants' use of the marks FIGHT LIKE A GIRL CLIQUE, FIGHT LIKE A GIRL ADVOCATES and FIGHT LIKE A GIRL ADVOCATES CLIQUE in conjunction with their advertising and promotional activities, and sales of goods and services, as set forth above is likely to cause and has caused confusion in the purchasing public as to the source of origin of the goods and services or sponsorship of Defendants' goods and services by Plaintiff TSDC in violation of the common law of trademark infringement.

## COUNT IV – FEDERAL COPYRIGHT INFRINGEMENT (Facebook Page)

162.    Plaintiffs ELLIS and FLAGC repeat their allegations set forth in Paragraphs 1 through 161 as if fully rewritten.

163.    Plaintiffs ELLIS' and FLAGC's Copyrighted Facebook Page (previously located at  http://www.facebook.com/home.php#!/fightlikeagirlclub?ref=ts)  was  automatically subject to copyright protection under 17 U.S.C. §102(a) when ELLIS and FLAGC created the original work of authorship and fixed such work in a tangible medium of expression.

164.    Defendants had access to ELLIS' and FLAGC's Facebook Page.

165.    Defendants unlawfully and willfully copied all or part of Plaintiffs' work, in violation of Plaintiffs' copyrights in both graphics and text.

166.    Defendants' Facebook Pages and websites infringe Plaintiffs' copyrights in their Facebook Page.

167.    The Defendants' Facebook Pages and websites, are not only substantially similar, but are strikingly similar to Plaintiffs' Facebook Page exuding the same "look and feel" as Plaintiffs' copyrighted material.

168.    Plaintiffs ELLIS and FLAGC have lost substantial revenue from Defendants' unlawful and willful copying of Plaintiffs' copyrighted material.

169.    Defendants' products and services dilute the market and serve to destroy the distinctiveness of Plaintiffs' copyrighted material.

170.    Defendants' copying of Plaintiffs' products and services and use of graphics and text on Defendants' Facebook Pages and websites destroys the public's identification of the products and services of Plaintiffs as Plaintiffs' exclusive property, thereby confusing the public and causing Plaintiffs to suffer irreparable damages and lost profits.

171.    Plaintiffs ELLIS' and FLAGC's sales of their own works and derivative works are prejudiced by Defendants' copyright infringements.

172.    By reason of the foregoing, Defendants are liable to Plaintiffs for Defendants' profits and damages in accordance with 17 U.S.C. §504.

## COUNT V – FEDERAL COPYRIGHT INFRINGEMENT
## (Website)

173.    Plaintiffs ELLIS and FLAGC repeat their allegations set forth in Paragraphs 1 through 172 as if fully rewritten.

174.    Plaintiffs    ELLIS'    and    FLAGC's    website    (located    at http://www.thefightlikeagirlclub.com) was automatically subject to copyright protection under 17 U.S.C. §102(a) when ELLIS and FLAGC created the original work of authorship and fixed such work in a tangible medium of expression.

175.    Defendants had access to ELLIS' and FLAGC's website.

176.    Defendants unlawfully and willfully copied all or part of Plaintiffs' work, in violation of Plaintiffs' copyrights in both graphics and text.

177.    Defendants' Facebook Pages and websites infringe Plaintiffs' copyrights in their website.

178.    The Defendants' Facebook Pages and websites, are not only substantially similar, but are strikingly similar to Plaintiffs' website exuding the same "look and feel" as Plaintiffs' copyrighted material.

179.    Plaintiffs ELLIS and FLAGC have lost substantial revenue from Defendants' unlawful and willful copying of Plaintiffs' copyrighted material.

180.    Defendants' products and services dilute the market and serve to destroy the distinctiveness of Plaintiffs' copyrighted material.

181.    Defendants' copying of Plaintiffs' products and services and use of graphics and text on the Facebook Pages and websites of Defendants destroys the public's

identification of the products and services of Plaintiffs as Plaintiffs' exclusive property, thereby confusing the public and causing Plaintiffs to suffer irreparable damages and lost profits.

182.   Plaintiffs ELLIS' and FLAGC's sales of their own works and derivative works are prejudiced by Defendants' copyright infringements.

183.   By reason of the foregoing, Defendants are liable to Plaintiffs for Defendants' profits and damages in accordance with 17 U.S.C. §504.

## COUNT VI – FEDERAL COPYRIGHT INFRINGEMENT
### (Design #1)

184.   Plaintiffs ELLIS and AGB repeat their allegations set forth in Paragraphs 1 through 183 as if fully rewritten.

185.   Plaintiffs ELLIS' and AGB's Copyrighted Design #1 was automatically subject to copyright protection under 17 U.S.C. §102(a) when ELLIS and AGB created the original work of authorship and fixed such work in a tangible medium of expression.

186.   Defendants had access to ELLIS' and AGB's Design #1.

187.   Defendants unlawfully and willfully copied all or part of Plaintiffs' work, in violation of Plaintiffs' copyrights in both graphics and text.

188.   Defendants' copied Design A infringes Plaintiffs' copyrights in their Design #1.

189.   The Defendants' copied Design A, is not only substantially similar, but is strikingly similar to Plaintiffs' Design #1 exuding the same "look and feel" as Plaintiffs' copyrighted Design #1.

190.    Plaintiffs ELLIS and AGB have lost substantial revenue from Defendants'
unlawful and willful copying of Plaintiffs' copyrighted Design #1.

191.    Defendants' products dilute the market and serve to destroy the distinctiveness of
Plaintiffs' copyrighted Design #1.

192.    Defendants' copying of Plaintiffs' Design #1 and use of graphics and text on the
websites of Defendants destroys the public's identification of the design of Plaintiffs as
Plaintiffs' exclusive property, thereby confusing the public and causing Plaintiffs to
suffer irreparable damages and lost profits.

193.    Plaintiffs ELLIS' and AGB's sales of their own works and derivative works are
prejudiced by Defendants' copyright infringements.

194.    By reason of the foregoing, Defendants are liable to Plaintiffs for Defendants'
profits and damages in accordance with 17 U.S.C. §504.


## COUNT VII – FEDERAL COPYRIGHT INFRINGEMENT
## (Design #2)

195.    Plaintiffs ELLIS and AGB repeat their allegations set forth in Paragraphs 1
through 194 as if fully rewritten.

196.    Plaintiffs ELLIS' and AGB's Copyrighted Design #2 was automatically subject to
copyright protection under 17 U.S.C. §102(a) when ELLIS and AGB created the original
work of authorship and fixed such work in a tangible medium of expression.

197.    Defendants had access to ELLIS' and AGB's Design #2.

198.    Defendants unlawfully and willfully copied all or part of Plaintiffs' work, in violation of Plaintiffs' copyrights in both graphics and text.

199.    Defendants' copied Design B infringes Plaintiffs' copyrights in their Design #2.

200.    The Defendants' copied Design B, is not only substantially similar, but is strikingly similar to Plaintiffs' Design #2 exuding the same "look and feel" as Plaintiffs' copyrighted Design #2.

201.    Plaintiffs ELLIS and AGB have lost substantial revenue from Defendants' unlawful and willful copying of Plaintiffs' copyrighted  Design #2.

202.    Defendants' products dilute the market and serve to destroy the distinctiveness of Plaintiffs' copyrighted Design #2.

203.    Defendants' copying of Plaintiffs' Design #2 and use of graphics and text on the internet and websites of Defendants destroys the public's identification of the design of Plaintiffs as Plaintiffs' exclusive property, thereby confusing the public and causing Plaintiffs to suffer irreparable damages and lost profits.

204.    Plaintiffs ELLIS' and AGB's sales of their own works and derivative works are prejudiced by Defendants' copyright infringements.

205.    By reason of the foregoing, Defendants are liable to Plaintiffs for Defendants' profits and damages in accordance with 17 U.S.C. §504.

## COUNT VIII – FEDERAL COPYRIGHT INFRINGEMENT
### (Design #3)

206.    Plaintiffs ELLIS and AGB repeat their allegations set forth in Paragraphs 1 through 205 as if fully rewritten.

207.    Plaintiffs ELLIS' and AGB's Copyrighted Design #3 was automatically subject to copyright protection under 17 U.S.C. §102(a) when ELLIS and FLAGC created the original work of authorship and fixed such work in a tangible medium of expression.

208.    Defendants had access to ELLIS' and AGB's Design #3.

209.    Defendants unlawfully and willfully copied all or part of Plaintiffs' work, in violation of Plaintiffs' copyrights in both graphics and text.

210.    Defendants' copied Design C infringes Plaintiffs' copyrights in their Design #3.

211.    The Defendants' copied Design C, is not only substantially similar, but is strikingly similar to Plaintiffs' Design #3 exuding the same "look and feel" as Plaintiffs' copyrighted Design #3.

212.    Plaintiffs ELLIS and AGB have lost substantial revenue from Defendants' unlawful and willful copying of Plaintiffs' copyrighted Design #3.

213.    Defendants' products dilute the market and serve to destroy the distinctiveness of Plaintiffs' copyrighted Design #3.

214.    Defendants' copying of Plaintiffs' Design #3 and use of graphics and text on the internet and websites of Defendants destroys the public's identification of the design of Plaintiffs as Plaintiffs' exclusive property, thereby confusing the public and causing Plaintiffs to suffer irreparable damages and lost profits.

215.   Plaintiffs ELLIS' and AGB's sales of their own works and derivative works are prejudiced by Defendants' copyright infringements.

216.   By reason of the foregoing, Defendants are liable to Plaintiffs for Defendants' profits and damages in accordance with 17 U.S.C. §504.


## COUNT IX – FEDERAL COPYRIGHT INFRINGEMENT
### (Design #4)

217.   Plaintiffs ELLIS and AGB repeat their allegations set forth in Paragraphs 1 through 216 as if fully rewritten.

218.   Plaintiffs ELLIS' and AGB's Copyrighted Design #4 was automatically subject to copyright protection under 17 U.S.C. §102(a) when ELLIS and FLAGC created the original work of authorship and fixed such work in a tangible medium of expression.

219.   Defendants had access to ELLIS' and AGB's Design #4.

220.   Defendants unlawfully and willfully copied all or part of Plaintiffs' work, in violation of Plaintiffs' copyrights in both graphics and text.

221.   Defendants' copied Design D infringes Plaintiffs' copyrights in their Design #4.

222.   The Defendants' copied Design D, is not only substantially similar, but is strikingly similar to Plaintiffs' Design #4 exuding the same "look and feel" as Plaintiffs' copyrighted Design #4.

223.   Plaintiffs ELLIS and AGB have lost substantial revenue from Defendants' unlawful and willful copying of Plaintiffs' copyrighted Design #4.

224.    Defendants' products dilute the market and serve to destroy the distinctiveness of Plaintiffs' copyrighted Design #4.

225.    Defendants' copying of Plaintiffs' Design #4 and use of graphics and text on the internet and websites of Defendants destroys the public's identification of the design of Plaintiffs as Plaintiffs' exclusive property, thereby confusing the public and causing Plaintiffs to suffer irreparable damages and lost profits.

226.    Plaintiffs ELLIS' and AGB's sales of their own works and derivative works are prejudiced by Defendants' copyright infringements.

227.    By reason of the foregoing, Defendants are liable to Plaintiffs for Defendants' profits and damages in accordance with 17 U.S.C. §504.


## COUNT X – FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(a)

228.    Plaintiff TSDC repeats its allegations set forth in Paragraphs 1 through 227 as if fully rewritten.

229.    Upon information and belief, Defendants have used the designations FIGHT LIKE A GIRL CLIQUE, FIGHT LIKE A GIRL ADVOCATES and FIGHT LIKE A GIRL ADVOCATES CLIQUE in connection with clothing and apparel products, and services for providing a support group between people regarding the fight against cancer and various life-threatening diseases in interstate commerce.  Said uses of the designations FIGHT LIKE A GIRL CLIQUE, FIGHT LIKE A GIRL ADVOCATES and FIGHT LIKE A GIRL ADVOCATES CLIQUE constitute false designations of origin,

false or misleading descriptions and representations of facts which are likely to cause confusion and to cause mistake, and to deceive as to the affiliation, connection, or association of Defendants with Plaintiff and as to the origin, sponsorship, or approval of Defendants' products, services and commercial activities by Plaintiff.

230.    Upon information and belief, Defendants' wrongful activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Plaintiffs' business, reputation and good will it its FIGHT LIKE A GIRL CLUB and FIGHT LIKE A GIRL CLUB CLAIM YOUR POWER marks.  Plaintiff has no adequate remedy at law.

## COUNT XI - FEDERAL UNFAIR COMPETITION--FALSE OR MISLEADING REPRESENTATIONS

231.    Plaintiffs TSDC, ELLIS, AGB and FLAGC repeat their allegations set forth in Paragraphs 1 through 230 as if fully rewritten.

232.    Defendants have been and are using the marks FIGHT LIKE A GIRL CLIQUE, FIGHT LIKE A GIRL ADVOCATES and FIGHT LIKE A GIRL ADVOCATES CLIQUE in advertising and promotional activities, sales of goods, and provision of services in a manner that constitutes a false designation of origin and a false description or representation in violation of 15 U.S.C. §1125 (a)(1) (Section 43(a) of the Lanham Act).

233.    Defendants use of the marks FIGHT LIKE A GIRL CLIQUE, FIGHT LIKE A GIRL ADVOCATES and FIGHT LIKE A GIRL ADVOCATES CLIQUE in a manner

that constitutes false and misleading representations likely to cause confusion, or to cause mistake or to deceive ordinary purchasers as to the origin of Defendants' goods and services, the affiliation of Defendants with Plaintiff TSDC, or the sponsorship or approval of Defendants' goods and services by Plaintiff TSDC.

## COUNT XII - COMMON LAW UNFAIR COMPETITION

234.    Plaintiffs TSDC, ELLIS, AGB and FLAGC repeat their allegations set forth in Paragraphs 1 through 233 as if fully rewritten.

235.    Defendants' use of the marks FIGHT LIKE A GIRL CLIQUE, FIGHT LIKE A GIRL ADVOCATES and FIGHT LIKE A GIRL ADVOCATES CLIQUE as described above constitutes unfair competition.

## COUNT XIII - UNFAIR COMPETITION UNDER OHIO LAW

236.    Plaintiffs TSDC, ELLIS, AGB and FLAGC repeat their allegations set forth in Paragraphs 1 through 235 as if fully rewritten.

237.    Plaintiffs' use of and rights in the marks FIGHT LIKE A GIRL CLUB and FIGHT LIKE A GIRL CLUB – CLAIM YOUR POWER predates Defendants' use of similarly confusing marks.

238.    Defendants' actions in connection with their goods and services, is likely to deceive and cause confusion and mistake among consumers as to the source or origin of

the goods and services provided by or sold by Defendants and the sponsorship or endorsement of those goods provided by or sold by Plaintiffs.

239.    Plaintiffs have never authorized, licensed or otherwise condoned or consented to Defendants' use of the marks FIGHT LIKE A GIRL CLIQUE, FIGHT LIKE A GIRL ADVOCATES and FIGHT LIKE A GIRL ADVOCATES CLIQUE.

240.    Defendants' conduct has been deliberate and willful and has been committed with the intent to cause confusion and mistake, to deceive the public, and/or to misrepresent the affiliation, connection or sponsorship of the Defendants' commercial activities with Plaintiffs.

241.    Defendants will continue their acts of unfair competition, causing irreparable injury to Plaintiffs, unless such activities are enjoined by this Court.

242.    As a direct and proximate result of Defendants' ongoing unlawful activities, Plaintiffs have and continue to suffer damages in an amount that is not presently ascertainable.

243.    The conduct of Defendants, as alleged herein, constitutes unfair competition under the common law of Ohio.


## COUNT XIV – DECEPTIVE AND UNFAIR TRADE PRACTICES UNDER OHIO LAW

244.    Plaintiffs TSDC, ELLIS, AGB and FLAGC repeat their allegations set forth in Paragraphs 1 through 243 as if fully rewritten.

245.    Defendants' business practices as alleged above constitute deceptive trade practices under Ohio Rev. Code §4165.02(A).   Among other deceptive practices,

Defendants have passed off goods and services as those of Plaintiffs TSDC, ELLIS, AGB and FLAGC and caused likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of Defendants' goods and services.

246.    The extent of the damages suffered by Plaintiffs TSDC, ELLIS, AGB and FLAGC as a consequence of Defendants' deceptive trade practices is not presently known but will be proven at trial.

247.    Under Ohio Rev. Code §4165.03, TSDC, ELLIS, AGB and FLAGC are entitled to injunctive relief, damages, and attorneys' fees as a result of Defendants' deceptive trade practices.

248.    Unless enjoined and restrained by this Court, Defendants will continue to cause TSDC, ELLIS and FLAGC great and irreparable injury that cannot fully be compensated or measured in money.

## COUNT XV - UNJUST ENRICHMENT

249.    Plaintiffs TSDC, ELLIS, AGB and FLAGC repeat their allegations set forth in Paragraphs 1 through 248 as if fully rewritten.

250.    By their use of the marks FIGHT LIKE A GIRL CLIQUE, FIGHT LIKE A GIRL ADVOCATES and FIGHT LIKE A GIRL ADVOCATES CLIQUE as described above, Defendants have sold products and provided services at the expense of Plaintiffs TSDC, ELLIS, AGB and FLAGC .

251.    By their use of the marks FIGHT LIKE A GIRL CLIQUE, FIGHT LIKE A GIRL ADVOCATES and FIGHT LIKE A GIRL ADVOCATES CLIQUE as described above, Defendants have been unjustly enriched at the expense of Plaintiffs TSDC, ELLIS, AGB and FLAGC.

## DAMAGES

252.    Plaintiffs TSDC, ELLIS, AGB and FLAGC repeat their allegations set forth in Paragraphs 1 through 251 as if fully rewritten.

253.    By virtue of the conduct of Defendants alleged herein, Plaintiffs TSDC, ELLIS, AGB and FLAGC have suffered, or are likely to suffer, great damage to their business reputation, goodwill, sales and profits.

254.    By virtue of the conduct of Defendants alleged herein, Plaintiffs TSDC, ELLIS, AGB and FLAGC have suffered, or are likely to suffer, irreparable harm.

255.    Defendants' use of the marks FIGHT LIKE A GIRL CLIQUE, FIGHT LIKE A GIRL ADVOCATES and FIGHT LIKE A GIRL ADVOCATES CLIQUE as described above, is done intentionally, knowingly, willfully, wantonly and in bad faith.

# **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs TSDC, ELLIS, AGB and FLAGC seek:

A.      Injunctive relief enjoining Defendants from using Plaintiffs' common law and federally applied-for trademarks, FIGHT LIKE A GIRL CLIQUE, FIGHT LIKE A GIRL ADVOCATES, FIGHT LIKE A GIRL ADVOCATES CLIQUE, and the copied works in connection with the advertisement or promotion of their goods and/or services through their advertising and promotional literature, and their internet websites, or otherwise engaging in acts or conduct that would cause confusion, mistake or deception as to the origin, source, sponsorship or affiliation of Plaintiffs or their products or services with Defendants;

B.      Injunctive relief enjoining Defendants from using colorable imitations of Plaintiffs TSDC's, ELLIS', AGB's and FLAGC's common law and federally applied-for trademarks, FIGHT LIKE A GIRL CLUB and FIGHT LIKE A GIRL CLUB – CLAIM YOUR POWER, and copyrighted works in connection with the advertisement or promotion of their goods and/or services through their advertising and promotional literature, and their internet websites, or otherwise engaging in acts or conduct that would cause confusion, mistake or deception as to the origin, source, sponsorship or affiliation of Plaintiffs TSDC, ELLIS, AGB and FLAGC or their products or services with Defendants;

C.      Injunctive relief enjoining Defendants from sending DMCA takedown notices or other communications, or otherwise engaging in acts or conduct that would inactivate, terminate or interfere with websites, Facebook pages or other types of social media associated with Plaintiffs' common law and federally applied-for trademarks, FIGHT LIKE A GIRL CLUB and FIGHT LIKE A GIRL CLUB – CLAIM YOUR POWER, and Plaintiffs' copyrighted works.

D.      A finding that Defendants have infringed Plaintiffs' federally applied-for trademarks FIGHT LIKE A GIRL CLUB and FIGHT LIKE A GIRL CLUB – CLAIM YOUR POWER;

E.      A finding that Defendants have infringed Plaintiffs' copyrighted works;

F.      A finding that Defendants have infringed the common law trademark and service mark rights of Plaintiff TSDC in the marks FIGHT LIKE A GIRL CLUB and FIGHT LIKE A GIRL CLUB – CLAIM YOUR POWER;

G.      A finding that Defendants committed unfair competition under Section 43(a) of the Lanham Act;

H.      A finding that Defendants committed unfair competition under common law;

I.      A finding that Defendants committed unfair competition under Ohio law;

J.      A finding that Defendants committed deceptive and unfair trade practices under Ohio law;

K.      A finding that Defendants have been unjustly enriched;

L.      Delivery by Defendants to Plaintiffs TSDC, ELLIS, AGB and FLAGC of all materials bearing colorable imitations of Plaintiffs' marks FIGHT LIKE A GIRL CLUB and FIGHT LIKE A GIRL CLUB – CLAIM YOUR POWER and copyrighted works for destruction;

M.      Delivery by Defendants to Plaintiffs TSDC, ELLIS, AGB and FLAGC of any and all originals, copies, or duplications of Plaintiffs TSDC's, ELLIS', AGB's and FLAGC's promotional and advertising literature in their possession and control;

N.      An order impounding, during the pendency of this action, and destroying pursuant to judgment herein, all originals, copies or duplicates of any work shown by the evidence to infringe the trademarks FIGHT LIKE A GIRL CLUB and FIGHT LIKE A GIRL CLUB – CLAIM YOUR POWER and copyrighted works of Plaintiffs TSDC, ELLIS, AGB and FLAGC, including, without limitation, all computers, computer networks, software and electronic storage media whether fixed or removable;

O.      An order inactivating, during the pendency of this action, all websites shown by the evidence to infringe the trademarks FIGHT LIKE A GIRL CLUB and FIGHT LIKE A GIRL CLUB – CLAIM YOUR POWER and/or copyrighted works of Plaintiffs TSDC, ELLIS, AGB and FLAGC, including, without limitation, all Facebook pages and on-line digital and video media whether fixed or removable;

P.      An order terminating, pursuant to judgment of this action, all websites shown by the evidence to infringe the trademarks FIGHT LIKE A GIRL CLUB and FIGHT LIKE A GIRL CLUB – CLAIM YOUR POWER and/or copyrighted works of Plaintiffs TSDC, ELLIS, AGB and FLAGC, including, without limitation, all Facebook pages and on-line digital and video media whether fixed or removable;

Q.      An order enjoining Defendants, during the pendency of this action, from copying, reproducing, modifying, displaying, distributing and/or establishing any new websites or Facebook pages, or otherwise infringing Plaintiffs' trademarks FIGHT LIKE A GIRL CLUB and FIGHT LIKE A GIRL CLUB – CLAIM YOUR POWER and copyrighted works;

R.      An order, during the pendency of this action, directing Defendants to contact Facebook, Inc. and request that ELLIS' previously taken-down Facebook Page be activated and/or reinstated;

S.      An accounting of all profits;

T.      Actual damages;

U.      Trebling of damages;

V.      Punitive damages;

W.      Costs;

X.      A finding that the actions of Defendants were willful and/or in bad faith;

Y.      A finding that this is an exceptional case under 15 U.S.C. §1117(a) (Section 35(a) of the Lanham Act) and an award of reasonable attorneys fees; and

Z.     Such further relief as to which this Court may find Plaintiffs

TSDC, ELLIS, AGB and FLAGC entitled under the law or in equity.

## JURY DEMAND

Plaintiffs hereby request a jury trial for all claims as provided for in Rule 38 of the

Federal Rules of Civil Procedure.

Respectfully submitted,

By:     s/ D. Ari Sherwin
        D. Ari Sherwin
        Ohio State Bar No. 0081739
        Email: sherwin@patentandtm.com
        Salvatore A. Sidoti
        Ohio State Bar No. 0071200
        Email: sidoti@patentandtm.com
        Curatolo Sidoti Co., LPA
        24500 Center Ridge Road
        Suite 280
        Cleveland, Ohio 44145
        Telephone (440) 808-0011
        Facsimile (440) 808-0657

        ATTORNEYS FOR PLAINTIFFS
        **TSDC, LLC**
        **Sandy Ellis dba Fight Like A Girl Club**
        **Sandy Ellis dba Awareness Gift Boutique**
        **Sandy Ellis**